[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCTOBER 16, 2007
THOMAS K. KAHN
CLERK

_____

No. 07-12598
Non-Argument Calendar
_____

D. C. Docket No. 07-00236-CV-ORL-31-KRS

MICHAEL TAYLOR,
MARY C. FOX,

Plaintiffs-Appellants,

versus

LEE M. SPAZIANO,
a real estate broker licensed by the
State of Florida,
HONORABLE CYNTHIA Z. MACKINNON,
of the State of Florida, in her
individual capacity,
ROBERT N. LERNER,
licensed by the Florida Bar of the
State of Florida,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(October 16, 2007)

Before CARNES, BARKETT and HULL, Circuit Judges.

PER CURIAM:

In this civil case, plaintiff-appellants Michael Taylor and Mary C. Fox, pro se, appeal the district court's May 16, 2007 dismissal order. After review, we affirm.

## I. BACKGROUND

Because plaintiff-appellants' federal action is based on events in a state court case, we review the state court case first.

## A.    State Court Case

In Florida state court, appellants Taylor and Fox filed a complaint against defendant Lee Spaziano, a real estate broker, alleging fraud in a real estate transaction. In the state court action, defendant Robert Lerner was Spaziano's attorney and defendant Cynthia MacKinnon was the judge.

Appellants served Spaziano with their state court complaint on October 3, 2006. Spaziano's answer was due in twenty days, or by October 23, 2006, under Florida's rules of civil procedure. Spaziano, however, filed a motion for an extension of time to file an answer. It is Spaziano's motion for an extension of time that gives rise to appellants' action filed in federal district court.

According to appellants, Spaziano and his attorney, Lerner, failed to timely

2

file their motion for a time extension under the Florida civil rules. Appellants contend that the motion did not appear on the state court's docket as of October 24, 2006, but did appear on the docket on October 30, 2006 as filed on October 23, 2006. According to appellants, Spaziano and Lerner conspired with Judge MacKinnon to back-date the motion so that it appeared to have been timely filed and Spaziano could avoid a default judgment. Appellants also contend that Judge MacKinnon failed to schedule a hearing on appellants' motion for default judgment and refused to enforce the twenty-day deadline for filing an answer, as required by Florida's civil rules.

## B.    Federal Court Action

Appellants, proceeding pro se, filed this action in federal district court seeking damages and injunctive relief against Spaziano, Lerner and Judge MacKinnon. The complaint alleged violations of unspecified constitutional rights, brought pursuant to 42 U.S.C. § 1983 (Count I); a violation of appellants' first amendment right to access to the courts (Count II); a violation of the Truth in Lending Act, 15 U.S.C. § 1601 et seq., (Count III); a violation of 4 U.S.C. §§ 101-102 (requiring state legislators and executive and judicial officers to swear an oath to support the United States Constitution) (Count IV); a conspiracy to violate appellants' civil rights, in violation of 42 U.S.C. § 1985 (Count V); and a state law

3

claim of fraud (Count VI).

In lieu of an answer, defendants Spaziano and Lerner filed separate, but identical, motions to dismiss for failure to state a claim or, alternatively, for a more definite statement. Defendant MacKinnon filed a motion to dismiss, asserting, among other things, that she was entitled to judicial immunity. All three motions to dismiss argued that appellants' complaint contained vague and conclusory allegations. In addition, defendants Spaziano and Lerner argued that appellants' complaint was a "shotgun pleading" and failed to comply with Federal Rules of Civil Procedure 8 and 10.

While these motions were pending, appellants filed a motion for leave to amend their complaint and response to defendants' motions to dismiss. Along with their motion to amend, appellants provided a proposed first amended complaint with numerous exhibits attached. The district court docket clerk entered the appellants' motion to amend on the court's docket with a parenthetical notation that "[v]oluminous proposed amended complaint placed in brown accordion folder pending ruling."

The district court granted the defendants' motions to dismiss. The district court: (1) dismissed with prejudice all claims against Judge MacKinnon; (2) dismissed "without leave to amend" Count IV, the claim based on 4 U.S.C. §§ 101-

4

102, "because no such cause of action exists"; and (3) dismissed "without leave to amend" Count III, the Truth in Lending Act claim, and Count VI, the state fraud claim, "because they are already pending in the state court suit." Furthermore, the district court dismissed <u>without</u> prejudice Counts I, II and V, which contained the § 1983, First Amendment and conspiracy-to-violate-civil-rights claims.

The district court's order noted a number of deficiencies in appellants' complaint. Specifically, the district court concluded that the complaint was a "prototypical 'shotgun pleading'" and did not satisfy the "short and plain statement" requirement of Rule 8(a) or the organizational requirements of Rule 10(b). The district court further noted that "[e]ach of these shortcomings is an independent basis for dismissal of the complaint."

The district court directed appellants to file an amended complaint, if any, on or before April 15, 2007, but advised the appellants that the amended complaint "must comply with Rule 8(a) and Rule 10(b), must not include any claims against Judge MacKinnon, and must not raise the claims that have been dismissed without leave to amend." Thus, the district court left appellants' case open for the filing of an amended complaint as to Counts I, II and V. The district court warned appellants that the "[f]ailure to follow these requirements may result in sanctions including but not limited to dismissal with prejudice." The district court also

5

denied appellants' "currently pending motion for leave to amend" that had accompanied appellants' proposed amended complaint.

On April 13, 2007, appellants filed an "Objection" to the district court's order granting the defendants' motions to dismiss. After first noting the district court's instructions to file an amended complaint by April 15, 2007, appellants argued that they had already filed an amended complaint with attached exhibits on April 2, 2007. Appellants contended that their amended complaint was a timely amendment as of right under Federal Rule of Civil Procedure 15(a). They also complained that their amended complaint and exhibits had been wrongly omitted from the court's civil docket, citing Federal Rule of Civil Procedure 79(a). Appellants contended that the district court should consider their amended complaint filed on April 2, 2007.

On April 23, 2007, the district court construed appellants' "Objection" as a motion for reconsideration of the April 4 dismissal order and summarily denied it. Appellants took no further action in the case.

On May 16, 2007, the district court entered a final order dismissing and closing appellants' case, without prejudice, for failure to prosecute. At the time of the May 16, 2007 order, counts I, II and V had been dismissed without prejudice in the April 4, 2007 order and what remained was appellants' right to file an amended

6

complaint that complied with the instructions in the April 4, 2007 order. The district court's May 16, 2007 dismissal order emphasized that the district court had granted appellants' motion to dismiss, had denied appellants' motion for reconsideration and had given appellants until April 15 to file an amended complaint, but appellants had failed to file an amended complaint.

Appellants filed this appeal.

## II. DISCUSSION

At the outset, we note what appellants are <u>not</u> challenging on appeal. First, appellants do not appeal the district court's April 4, 2007 order granting defendants' motions to dismiss and denying their motion for leave to amend their complaint. Nor do appellants appeal the district court's April 23, 2007 order denying their "Objection," construed as a motion for reconsideration. Accordingly, we do not address the merits of these rulings. The sole order on appeal is the district court's May 16, 2007 order dismissing without prejudice and closing appellants' case for failure to prosecute.

We review a district court's dismissal for want of prosecution for abuse of discretion. <u>Morewitz v. W. of Eng. Ship Owners Mut. Prot. & Indem. Ass'n</u>, 62 F.3d 1356, 1366 (11th Cir. 1995). A district court may impose a dismissal <u>with</u> prejudice for want of prosecution only if there is a "clear record of delay or

contumacious conduct by the plaintiff."  Id. (quotation marks omitted).  Here, however, the district court dismissed appellants' case without prejudice, which was not an adjudication on the merits.  See Fed. R. Civ. P. 41(b) (providing that an involuntary dismissal for failure to prosecute is an adjudication on the merits, unless the district court "otherwise specifies").  Under these facts, we cannot say the district court abused its discretion in dismissing what remained of appellants' case without prejudice in its May 16, 2007 order.

The district court's April 4 order identified several serious deficiencies in appellants' complaint that needed to be cured.  First, with regard to appellants' claims that were dismissed with leave to amend, the district court found appellants' allegations insufficient to state a claim.[1]  The district court explained that appellants' claims against Spaziano and Lerner "alleged, at worst, nothing more than violations of the Florida Rules of Civil Procedure."  The district court concluded that, even construing appellants' complaint to include an "implied allegation" that one of the defendants back-dated the state court motion for a time extension, appellants did not state a claim for a violation of their constitutional rights because appellants alleged no facts "from which one could conclude that

---

[1]We do not address appellants' claims dismissed with prejudice or without leave to amend because the district court instructed appellants not to include these claims in any amended complaint, and appellants do not appeal the April 4, 2007 order that dismissed them.

8

Lerner was acting under color of law for purposes of Section 1983." As to Spaziano, the district court explained that "the worst that is alleged is that he cheated the Plaintiffs in a real estate transaction" and that none of the facts alleged "could conceivably constitute a violation by Spaziano of the Plaintiffs' constitutional rights."

The district court also concluded that appellants' complaint failed to comply with Rules 8(a) and 10(b) and was a "prototypical 'shotgun pleading.'" The district court noted that the complaint contained "a rambling recitation full of factual allegations that could not possibly be material to any of the causes of action [plaintiffs] assert." Notably, appellants' original complaint included 43 separate paragraphs of factual allegations, with each count incorporated by reference all 43 paragraphs, and did not differentiate which facts formed the basis for liability for each count.

The district court warned appellants that each of these deficiencies constituted a separate ground for dismissal and then instructed appellants, if they desired to continue with the litigation, to file an amended complaint that addressed all of these deficiencies. The district court also instructed appellants to omit all claims against Judge MacKinnon and any claims the district court had dismissed without leave to amend (namely, the Truth In Lending Act and fraud claims and

9

the claim asserting a violation of 4 U.S.C. §§ 101 and 102).

Despite these explicit instructions, appellants did not file an amended complaint by April 15 as required by the district court. Instead, on April 13, appellants filed an "Objection" in which they insisted that the district court consider their already-filed proposed amended complaint. However, appellants' proposed amended complaint was drafted and filed on April 2 and thus before the district court's April 4 order and, not surprisingly, did not comply with instructions in the April 4 order. Indeed, the proposed amended complaint contained all of the same counts, claims and defendants and essentially the same facts, with some minor word changes, as the original complaint. Accordingly, the proposed amended complaint contained all of the same deficiencies as the original complaint and included all the claims, including those against Judge MacKinnon, that the district court had instructed appellants to omit. See Hall v. United Ins. Co. of Am., 367 F.3d 1255, 1262-63 (11th Cir. 2004) (explaining that a district court properly denies leave to amend if the complaint as amended would be subject to dismissal, i.e. would be futile).

Appellants insisted that they be permitted to proceed on the proposed amended complaint despite the fact that it did not comply with the April 4 order.[2]

_____

[2]Appellants note that, under Rule 15(a), they had an automatic right to amend their complaint because defendants had not yet filed answers. See Fortner v. Thomas, 983 F.2d 1024,

When the district court refused to do so by denying their "Objection," appellants did nothing further. They did not file another amended complaint attempting to comply with the district court's April 4 order or ask for more time to do so. Nonetheless, the district court waited until May 16, 2007, three weeks after it had denied appellants' "Objection" and one month after a compliant amended complaint was due, before dismissing appellants' case for failure to prosecute. Under these circumstances, the district court's dismissal <u>without</u> prejudice was not an abuse of discretion.[3]

1032 (11th Cir. 1993). Although appellants could have amended as of right, they instead sought leave to amend from the district court and filed a motion to amend, which the district court denied on April 4, 2007. Appellants have not appealed that order, much less shown that the district court abused its discretion in denying that motion especially since appellants' proposed amended complaint contained the same deficiencies as the original complaint and was subject to dismissal on the same grounds given by the district court in dismissing the claims in their original complaint.

Furthermore, the district court's April 4 order dismissed <u>without prejudice</u> those claims for which the pleading deficiencies might be cured and granted leave to file yet another amended complaint, which appellants failed to do.

[3]Appellants also strenuously object to the district court clerk's failing to enter their proposed amended complaint and exhibits into the docket with a separate file number and, instead, placing the proposed amended complaint in an accordion folder pending the district court's ruling on the motion for leave to amend the complaint. Appellants contend that the district court clerk's action shows that the district court "disregarded" their proposed amended complaint and exhibits. In this regard, appellants have also not shown any reversible error for several reasons. First, the district court expressly denied appellants' motion for leave to file an amended complaint, and the court docket contains a notation that the proposed amended complaint was placed in an accordion folder, which, at a minimum, infers that the district court was aware of the proposed amended complaint. Even assuming <u>arguendo</u> that the district court was not aware, as appellants contend, it is clear that the proposed amended complaint provided to the district court clerk contained the exact same defects as the original complaint and did not comply, in any event, with the district court's April 4 order regarding amending the complaint. More importantly, after receiving the district court's April 4 order pointing out defects, appellants never filed another amended complaint complying with the district court's order as to

11

**AFFIRMED.**

---

those counts for which leave to amend was granted. Thus, we cannot say the district court abused its discretion in dismissing on May 16, 2007 what remained of appellants' case without prejudice for failure to prosecute.